IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Diaz<br><br>Plaintiff(s),<br><br>v.<br><br>,<br><br>Defendant(s). | Case No. 14 c 7170<br>Judge Virginia M. Kendall |

## ORDER

The order of the bankruptcy court dismissing Diaz's motion for sanction as moot is reversed. The motion is remanded to the bankruptcy court for consideration on the merits.

## STATEMENT

Appellant Luis Diaz appeals the bankruptcy court's July 31, 2014 order dismissing as moot his motion for sanctions (the "Sanctions Motion") against Michael C. Roberts. For the reasons stated below, the order of the bankruptcy court is reversed. The case is remanded to the bankruptcy court to consider the Sanctions Motion on the merits.

Diaz filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois on January 16, 2014. Under the Bankruptcy Code, that filing operated as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." *See* 11 U.S.C. § 362(a)(6). Diaz claims that on April 16, 2014 Roberts, an attorney, represented to the Circuit Court of Cook County that Diaz's bankruptcy had been dismissed and that a state court civil case against him could, therefore, proceed without violating the stay. Diaz informed Roberts that the stay was still in place, but Roberts proceeded with the Cook County case nonetheless. On April 22, 2014 Diaz filed the Sanctions Motion pursuant to Section 362(k) of the Bankruptcy Code, alleging that he was injured by Robert's willful violation of the automatic stay. On July 31, 2014 the bankruptcy court dismissed Diaz's bankruptcy for failure to make plan payments. In doing so, the bankruptcy court dismissed all pending motions as moot in light of the dismissal of the underlying bankruptcy. This appeal followed. This Court now reverses.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). In reviewing a decision of the bankruptcy court, this Court acts as an appellate tribunal and traditional standard of review apply. The Court reviews the bankruptcy court's conclusions of law de novo. *See Gerard v. Gerard*, 780 F.3d 806, 810 (7th Cir. 2015).

Diaz argues on appeal that the Sanctions Motion was not moot even though the bankruptcy court dismissed the underlying bankruptcy. The Court agrees. "There is no novelty to the idea that a

court has besides its ordinary jurisdiction a 'clean-up' jurisdiction . . . to take care of minor lose ends." *In re Sweports Ltd.*, 777 F.3d 364, 367 (7th Cir. 2015). A bankruptcy court does not necessarily lose its ability to grant relief solely because the court has dismissed the underlying bankruptcy. *See id.* at 366-67 (bankruptcy court has jurisdiction to determine validity of attorney's claim for fees following dismissal of underlying bankruptcy). The retention of jurisdiction to adjudicate a dispute related to a willful violation of the automatic stay is particularly appropriate because a cause of action for such a violation survives the dismissal of a bankruptcy and the dissolution of the automatic stay. *See Swanson v. Indiana*, 23 F. App'x 590, 591 (7th Cir. 2001) ("The cause of action [for willful violation of the automatic stay] survives the termination of the bankruptcy proceedings"); *see also In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) ("purpose [of § 362(k) motion] is not negated by dismissal of the underlying bankruptcy case") (citing *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289-90 (7th Cir. 1995)).

Here, the bankruptcy court apparently assumed that all pending matters were moot given the dismissal of the underlying bankruptcy. This was incorrect. The bankruptcy court retains the ability "to take care of minor loose ends" even when the underlying bankruptcy has been dismissed. *In re Sweports Ltd.*, 777 F.3d at 367. More specifically, the Bankruptcy Code authorizes monetary awards for the willful violation of the automatic stay, *see* 11 U.S.C. 362(k), "and the Judicial Code grants federal jurisdiction over all civil proceedings 'arising in or related to cases under' the Bankruptcy Code.' 28 U.S.C. § 1334(b). [Diaz] has a civil proceeding, arising in *and* related to [his] bankruptcy, in which he is seeking from a bankruptcy court an order that he can use to obtain cash elsewhere. The order, if granted, would confer a real value. It would therefore not be 'moot,' as the bankruptcy judge said in embroidering his jurisdictional ruling." *In re Sweports*, 777 F.3d at 367 (emphasis in original). On remand, the bankruptcy court, therefore, must consider the Sanctions Motion on the merits.

Date: 4/17/2015

Virginia M. Kendall
United States District Judge